UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVERN LEE BURNSIDE,
#394665,

    Plaintiff,                                                                            Civil Action No. 20-CV-13395

vs.                                                                                   HON. BERNARD A. FRIEDMAN

RANDEE REWERTS, et al.,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

        This is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff Avern Lee Burnside is a state prisoner confined at the Carson City Correctional Facility in Carson City, Michigan. Having reviewed the complaint, the Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

        The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where (1) "any defendant resides, if all defendants reside in the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated"; or (3) "any defendant is subject to the court's personal jurisdiction with respect to such action," provided no judicial districts falls within categories (1) or (2). 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). "[T]he court must determine whether the case falls within one of the three categories set out

in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).  If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under section 1406(a).  *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The complaint names eleven Michigan Department of Corrections ("MDOC") employees as defendants.  Ten of the defendants are employed at the Carson City Correctional Facility and the complaint concerns events that occurred there.  The eleventh defendant, MDOC director Heidi Washington, is located in Lansing, Michigan.  The Carson City Correctional facility is in Montcalm County, which is located in the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  Lansing is in Ingham County, which is also located in the Western District.  *See id.*  Because the defendants are located in the Western District and the events giving rise to this action arose there as well, venue is not proper in this district.  The case will therefore be transferred to the Western District of Michigan, where venue is proper.  Accordingly,

IT IS ORDERED that the Clerk of Court transfer this case to the United States District Court for the Western District of Michigan.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: January 28, 2021                     Senior United States District Judge
Detroit, Michigan

2

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 28, 2021.

| | |
|---|---|
| Avern Lee Burnside, #394665<br>CARSON CITY CORRECTIONAL FACILITY<br>10274 BOYER ROAD<br>CARSON CITY, MI 48811 | s/Johnetta M. Curry-Williams<br>Case Manager |